FILED
SUPERIOR COURT
OF GUAM

2022 MAY 12 AM 10: 11

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PEOPLE OF GUAM, <br><br> Plaintiff, <br><br> vs. <br><br> JOEY ALAN ACFALLE TERLAJE, <br><br> Defendant. | Case No. CF0642-21 <br><br> **DECISION AND ORDER** <br> **(Motion to Dismiss Indictment)** |

**INTRODUCTION**

This matter came before the Honorable Alberto E. Tolentino on May 2, 2022, for a hearing on Joey Alan Acfalle Terlaje's ("Defendant") Motion to Dismiss. Attorney Joaquin C. Arriola appeared for Defendant. Assistant Attorney General Jeremiah B. Luther appeared for the People of Guam ("People"). Having considered the arguments and the applicable law, the Court hereby **DENIES** Defendant's Motion to Dismiss Indictment.

**BACKGROUND**

On December 17, 2021, the Grand Jury indicted Defendant on the following charges: (1) Felonious Restraint (As a Third Degree Felony); (2) Official Misconduct (As a Misdemeanor); and (3) Official Misconduct (As a Misdemeanor). Indictment, Dec. 17, 2021. On March 31, 2022, Defendant filed the instant motion. Def.'s Mot. to Dismiss Indictment, Mar. 31, 2022. The People did not file an opposition. Defendant filed a reply. Def.'s Reply Mem. Re: Mot. to Dismiss Indictment, Apr. 22, 2022. On April 29, 2022, the Grand Jury re-

indicted Defendant on the following charges: (1) Felonious Restraint (As a Third Degree Felony); (2) Official Misconduct (As a Misdemeanor); and (3) Official Misconduct (As a Misdemeanor). Superseding Indictment, Apr. 29, 2022. The Court held a motion hearing and took the parties' arguments under advisement. Minute Entry, May 2, 2022.

## DISCUSSION

### A. The Superseding Indictment complies with the statute of limitations.

Defendant argues that "[i]indictment for felonious restraint as a third-degree felony should have been filed by September 30, 2020." Def.'s Mot. to Dismiss Indictment at 3. "Misdemeanor Official Misconduct charges should have been filed by September 30, 2018." *Id.* "No exception applies nor has the Government provided one for the grand jury or on the face of the indictment." *Id.*

Title 8 G.C.A. § 10.20(c) requires prosecutions of felony offenses commence within three years after the offenses are committed. Title 8 G.C.A. § 10.30 requires prosecution of misdemeanor offenses commence one year after the offenses are committed. Yet, 8 G.C.A. § 10.40 provides "[n]otwithstanding §§ 10.20 and 10.30, a prosecution may be commenced against a public officer or employee or any person acting in complicity with such public officer or employee for any offense based upon misconduct in office by such public officer or employee at any time while such public officer or employee continues in public office or employment or within three (3) years thereafter."

Defendant further asserts that "[u]nder Criminal and Civil Motion practice, the Government's failure to timely file an Opposition and Memorandum in Support is tantamount to non-opposition." Def.'s Reply Mem. Re: Mot. to Dismiss Indictment at 2. Regardless of whether the People filed an opposition, the Court must consider the matter on the merits. *See*

*Quitugua v. Flores*, 2004 Guam 19 ¶ 28 (stating the Court has a duty to analyze the merits of a motion before rendering a decision).

Defendant is correct that Guam law normally requires prosecution of misdemeanor offenses commence one year after the offenses are committed and prosecution of felony offenses commence three years after the offenses are committed. However, Defendant ignores 8 G.C.A. § 10.40, which permits prosecution against a public officer to be commenced within three years of public employment. The plain language of 8 G.C.A. § 10.40 indicates it supersedes §§ 10.20 and 10.30. Moreover, the Comment to 8 G.C.A. § 10.40 specifies that the Public Officer Exception "now covers all offenses." Consequently, application of this special statute of limitations in this case is clearly appropriate.

The Superseding Indictment states that Defendant's ". . . public office ended on or about September 25, 2019." Superseding Indictment at 1–2. Upon review of the Grand Jury Proceedings, the Court finds Defendant was the Deputy Director at the Department of Corrections—a public office—until September 25, 2019. Therefore, 8 G.C.A. § 10.40 requires the People bring charges against Defendant within three years of September 25, 2019, which is September 25, 2022. The Grand Jury returned the Indictment against Defendant on December 17, 2021, and the Grand Jury returned the Superseding Indictment against Defendant on April 29, 2022. Indictment, Dec. 17, 2021; Superseding Indictment, Apr. 29, 2022. Accordingly, the Court holds the People commenced prosecution within the statute of limitations provided for in 8 G.C.A. § 10.40.

**B. Sixty days remain on the speedy trial clock.**

Title 8 G.C.A. § 80.60(a)(3) states "Except as otherwise provided in Subsection (b), the court shall dismiss a criminal action if. . . [t]he trial of a defendant, who is not in custody at the time of his arraignment, has not commenced within sixty (60) days after his arraignment." The

Supreme Court of Guam has stated that when a Defendant is re-indicted for the same charges, "the time period for starting a trial as prescribed under section 80.60 restarts when the subsequent indictment is filed." *Guam v. Flores*, 2009 Guam 22 ¶ 28. The period during which non-frivolous motions are pending is excluded from the speedy trial clock calculation. *Quinata v. Superior Court of Guam (People)*, 2010 Guam 8 ¶ 35 (citations omitted). When a motion requires a hearing, "all time between the filing of a motion and the conclusion of the hearing on that motion" should be excluded from the speedy trial clock, whether or not the delay was "reasonably necessary." *Henderson v. United States*, 476 U.S. 321, 330 (1986).

Defendant initially waived his right to speedy trial. Minute Entry, Jan. 5, 2022. He asserted his right to speedy trial on March 31, 2022. Statement Re: Speedy Prelim. Examination Indictment and Speedy Trial, Mar. 31, 2022. On April 29, 2022, the People filed a Superseding Indictment. Superseding Indictment, Apr. 29, 2022. The Court finds the speedy trial clock restarted when the People filed the Superseding Indictment. As Defendant was out of custody at the time the Superseding Indictment was filed—and Defendant remains out of custody—there were sixty days on the speedy trial clock when it restarted. On March 31, 2022, Defendant filed his Motion to Dismiss Indictment. Mot. to Dismiss Indictment, Mar. 31, 2022. When Defendant filed his Motion to Dismiss Indictment, the speedy trial clock tolled. As a result, the speedy trial clock was tolled when it restarted and it remained tolled while the Court took the motion under advisement. Defendant argues that the speedy trial clock should not have tolled because the People's failure to respond to Defendant's Motion to Dismiss Indictment and the People's decision to refile charges are delays attributed to the People. Digital Recording at 3:08:17–3:43:58 (Mot. H'rg. May 2, 2022). Guam law states that the speedy trial clock automatically restarts when the People file a new indictment. Although it was the People and not Defendant who filed the Superseding Indictment, the law permits them

to do so. The Court finds this delay is not attributed to the People. Similarly, while it is disappointing the People chose not to respond to Defendant's motion, it was Defendant—not the People—who filed the motion. The Supreme Court of the United States has held that the speedy trial clock automatically tolls when the Defendant files any type of pre-trial motion and remains tolled until the Court reaches a decision in a timely manner. *Henderson*, 476 U.S. at 321. Here, Defendant filed a motion for his benefit and the Court issued a decision in a timely manner; the People did not cause the delay. Thus, at this time there are sixty days remaining on the speedy trial clock. The issuance of this decision and order will end the tolling period.

## CONCLUSION AND ORDER

For the above reasons, the Court **DENIES** Defendant's Motion to Dismiss Indictment.


SO ORDERED, this \_\_\_12\_\_ day of \_\_\_May\_\_\_\_ 2022.


HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam